IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Transatlantica Commodities Pte Ltd., | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 22-cv-01983 |
| Hanwin Shipping Limited, | § | IN ADMIRALTY |
| Defendant and, | § | |
| American Shipping and Chartering Corp., | § | |
| Garnishee. | § | |

### HANWIN SHIPPING LIMITED'S RESPONSE TO TRANSATLANTICA COMMODITIES PTE LTD.'S OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION

Pursuant to Federal Rule of Civil Procedure 72(b)(2), and subject to its restricted appearance according to Supplemental Admiralty Rule E(8), Defendant Hanwin Shipping Limited ("Hanwin") responds to Plaintiff Transatlantica Commodities Pte Ltd.'s ("Transatlantica") objections (Dkt. 61) to Magistrate Judge Sheldon's November 2, 2022 Memorandum and Recommendation (Dkt. 59, the "Recommendations"). Transatlantica's objections are limited to Judge Sheldon's third recommendation, which finds that the funds held in garnishee American Shipping & Chartering Corp.'s ("ASCC") bank account constitute security for purposes of Supplemental Admiralty Rule E(7) and that Transatlantica should post countersecurity in the amount of $979,893.63.

As set forth below and in prior briefing, Transatlantica's argument that a defendant must post substitute security in order to obtain countersecurity, notwithstanding the attachment of funds held by a garnishee for the benefit of the plaintiff, is a reading of Rule E(7) that elevates form over

1

substance and ignores that the purpose of Rule E(7) is to equalize the positions of the plaintiff and defendant where not otherwise inequitable, and fails to take into consideration the wide discretion afforded to courts with respect to ordering countersecurity. Judge Sheldon's opinion in this regard is well-reasoned and should be accepted. *See* Dkt. 59 at 15-16 and n.6 (collecting cases).

While Hanwin maintains its position that Judge Sheldon erred in finding it was "likely" that Hanwin has an attachable ownership interest in the funds held in ASCC's account and instead should have dismissed Transatlantica's action for lack of subject-matter jurisdiction, should this Court overrule Hanwin's objection, the Court should affirm Judge Sheldon's third recommendation and order Transatlantica to post countersecurity.[1]

## ARGUMENT

Supplemental Admiralty Rule E(7)(a) provides that "when a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise." The district court possesses "broad discretion" to order countersecurity based on whether the requirements of Rule E(7)(a) are met, and its decision should be guided primarily by the two principles of "plac[ing] the parties on an equality as regards

---

[1] ASCC has also filed objections to Judge Sheldon's Recommendations. *See* Dkt. 62. In its objections, ASCC claims, as it did in a letter to the Court following the close of evidence, that Hanwin is entitled to a refund of $617,111.64 because ASCC recently learned "only $362,781.99 of the $979,893.63 is now outstanding to the vendors for Hanwin's vessels." *See* Dkt. 55 at 1-2; Dkt. 62 at ¶ 22. Therefore, ASCC claims that "Hanwin [has] less than a full, but still some, property interest, in that $617,111.64." Dkt. 62 at ¶ 22. As noted in Hanwin's prior briefing (Dkt. 56 at n.4) and in its objections (Dkt. 63 at n.2), this after-acquired information should not be considered at this stage in the proceedings in determining the amount of countersecurity that Transatlantica should be required to post because the question of whether the funds held by ASCC are the property of Hanwin should be based upon "the determination that the *res* at issue is the property of the defendant *at the moment the res is attached*," and not on after-acquired property or subsequent events affecting the amount of that security. *See Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 69 (2d Cir. 2009) (emphasis added).

2

security" and preventing "burdensome costs on a plaintiff that might prevent it from bringing suit." *Result Shipping Co. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 399-400 (2d Cir. 1995) (internal quotations and citations omitted).

The Court accordingly must weigh the importance of the security interest in Plaintiff's original seizure, Plaintiff's burden in posting counter security, and any injustice with requiring the Defendant to go unsecured. *See Titan Nav., Inc. v. Timsco, Inc.*, 808 F.2d 400, 404 (5th Cir. 1987). "The circumstances of each case must govern the propriety of the ordering of counter security." *Id.* at 405.

In his Recommendations, Judge Sheldon found, and Transatlantica does not dispute, that (i) Hanwin's non-frivolous counterclaim arises from the same transaction, namely the fire aboard the *M/V TAC IMOLA* which is the subject of the London arbitration; (ii) Transatlantica attached $979,893.63 of Hanwin's property in the form of cash in the hands of ASCC; (iii) Hanwin is under-secured on its claims against Transatlantica in the amount of $3,214,941.65; and (iv) Transatlantica did not demonstrate "cause" that would excuse it from posting counter security.[2] Dkt. 59 at 14-16. In light of these findings, Judge Sheldon determined that requiring Transatlantica to post countersecurity is therefore "in compliance with the core intent of Rule E(7) because both parties cannot be on equal footing unless Plaintiff is also required to post the amount attached for its benefit." *Id.* at 15.

Transatlantica's sole objection to the Recommendations is focused on Judge Sheldon's finding that the funds held by ASCC "are the functional equivalent of posting security" for

---

[2] In its objections, Transatlantica argues for the first time, and without any supporting evidence, that posting countersecurity "could prevent it from maintaining an action or prevent it from bringing suit." Dkt. 61 at 7. Not only is this conclusory claim insufficient to constitute "cause" for not posting countersecurity, but it should nonetheless be disregarded because it was not properly raised before Judge Sheldon. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) (same).

purposes of requiring countersecurity under Rule E(7) because Transatlantica "is secured by the cash on hand as opposed to a surety." Dkt. 59 at 15. As noted above, Transatlantica's objection rests on a formalistic interpretation of Rule E(7) that a defendant whose cash property is attached must nonetheless post substitute security for those funds in order to obtain countersecurity. *See* Dkt. 62 at 3 (citing *Titan*, 808 F.2d at 403). This interpretation is not supported by the caselaw that considers Rule E(7) in the context of attached funds (*see* Dkt. 59 at 15-16 and n.6) nor by the intent of Rule E(7).

As Hanwin noted in its October 26, 2022 Memorandum of Legal Authorities (Dkt. 56) numerous courts faced with attachments of funds held with third-party garnishees have found that funds attached by a Plaintiff are security within the meaning of Supplemental Rule E(7). *See, e.g., Finecom Shipping Ltd v. Multi Trade Enters. AG*, No. 05-cv-06695, 2005 WL 2838611, 2005 U.S. Dist. LEXIS 25761, at *6 (S.D.N.Y. Oct. 25, 2005); *Clipper Shipping Lines, Ltd. v. Glob. Transporte Oceanico S.A.*, No. 06-CV-15299, 2007 WL 646329, 2007 U.S. Dist. LEXIS 18827, at *7-8 (S.D.N.Y. Feb. 26, 2007) (same); *Voyager Shipholding Corp. v. Hanjin Shipping Co.*, 539 F. Supp. 2d 688, 690 (S.D.N.Y. 2008); *Tang Kheok HWA Rosemary v. Jaldhi Overseas Pte Ltd.*, 531 F. Supp. 2d 586, 589 (S.D.N.Y. 2008) (ordering plaintiff to post countersecurity equal to the amount of security received in the form of attached funds in the hands of a non-party bank). As Judge Sheldon sensibly observed in his Recommendations, the posting of substitute security to release attached property "is a privilege … not an obligation." Dkt. 59 at 13 (*citing Capt. Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 396 (D.D.C. 2005)).

Further, the cases cited by Transatlantica for the proposition that Hanwin must post a bond are distinguishable because in those cases, the attached property was a vessel or other physical property, as opposed to cash as is the case here. *See e.g., Titan Nav.*, 808 F.2d at 401 (concerning

release of a vessel); *Transportes Caribe, S.A. v. M/V Feder Trader*, 860 F.2d 637, 638 (5th Cir. 1988) (same); *Seaboard & Caribbean Tr. Corp. v. Hafen-Dampfschiffahrt*, 329 F.2d 538, 539 (5th Cir. 1964) (same). Whereas tangible property would have to be sold – perhaps at a discount – to create a cash fund from which a judgment could be satisfied, that step is not necessary when funds in a bank account or the court registry have been attached.

## **CONCLUSION**

For the reasons set forth in Hanwin's and ASCC's initial objections (Dkts. 62, 63), Hanwin respectfully requests that the Court grant ASCC's motion to vacate the Rule B Order and dismiss this action for lack of subject-matter jurisdiction; but if this Court overrules Hanwin's and ASCC's objections to Judge Sheldon's threshold finding that the funds held in ASCC's bank account constitute Hanwin's property for purposes of Rule B attachment, Hanwin respectfully requests that the Court overrule Transatlantica's objection and uphold Judge Sheldon's recommendation to order Transatlantica to post countersecurity in the amount of $979,893.63.

Respectfully submitted,

*s/ David B. Sharpe*
David B. Sharpe
Texas Fed. ID No. 145148
dsharpe@lawla.com
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

and

Todd G. Crawford
State Bar No. 05041050
Federal I.D. No. 15799
tcrawford@lawla.com

                    Lugenbuhl, Wheaton, Peck,
                    Rankin & Hubbard
                    801 Travis Street, Suite 1800
                    Houston, Texas 77002
                    Telephone: (713) 222-1990
                    Facsimile: (713) 222-1996

                    and

                    Brian P. Maloney
                    maloney@sewkis.com
                    Bruce G. Paulsen
                    paulsen@sewkis.com
                    Seward & Kissel LLP
                    One Battery Park Plaza
                    New York, NY 10004
                    Telephone: (212) 574-1200
                    Facsimile: (212) 480-8421


## Certificate of Service

    I hereby certify that this document was served upon all counsel of record this 30th day of November, 2022, via email and by operation of the Court's CM/ECF system.

                    *s/ David B. Sharpe*
                    David B. Sharpe