IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Transatlantica Commodities Pte Ltd., <br> Plaintiff <br><br> v. <br><br> Hanwin Shipping Limited, <br> Defendant, and <br><br> American Shipping & Chartering Corp., <br> Garnishee | § § § § § § § § § § | Civil Action No: H-22-cv-01983 <br><br><br> In Admiralty under FRCP 9(h) |

### GARNISHEE AMERICAN SHIPPING & CHARTERING CORPORATION'S RESPONSE TO TRANSATLANTICA COMMODITIES PTE LTD OBJECTIONS TO MAGISTRATE'S MEMORANDUM AND RECOMMENDATION

**To the Honorable Andrew Hanen:**

Garnishee American Shipping & Chartering Corporation ("ASCC") files this Response to Transatlantica Commodities Pte Ltd.'s ("Transatlantica") Objections[1] to Magistrate Judge Sam Sheldon's Memorandum and Recommendation ("M&R") of November 2, 2022.[2]

#### SUMMARY OF THE RESPONSE TO TRANSATLANTICA'S OBJECTIONS

1. Transatlantica's Objections assume the Court has subject matter jurisdiction over this claim to garnish ASCC's funds. Review of the pleadings in this case indicate repeated instances where Hanwin and Transatlantica both admit they seek security for an Arbitration pending in London for breach of a Charter Party. The Charter Party is governed by English Law. English maritime law does not allow for garnishment under Rule B. As this is an issue of subject matter jurisdiction, it is appropriate for this Honorable Court to reject the Memorandum and Recommendation, and release the funds back to ASCC.

---

[1] Dkt. 61.
[2] Dkt. 59.

## THE CHARTER DISPUTE IS GOVERNED BY ENGLISH LAW

2.      Numerous times throughout the record, both Transatlantica and Hanwin judicially admit to this Honorable Court that the ultimate reason for the litany of litigation in the United States (and elsewhere) is to obtain security and counter-security for an Arbitration in London.[3] And, they make reference to a written charter party between themselves as the basis for that arbitration action.

3.      Hanwin submitted itself to the general jurisdiction of the District of Massachusetts when it brought suit against Transatlantica in the case styled Civil Action No. 1-22-cv-11182-RWZ, *Hanwin Shipping Limited v. Transatlantica Comoodieties Pte Ltd., Millenary Shipping LP (in personam defendants) and The Master of the M/V Tac Imola, (Garnishee)* ("The Massachusetts Action").  In that case, Hanwin filed a sworn declaration from Yin Ming, the sole Director of Hanwin on October 12, 2022.[4] Yin Ming provided a copy of the Charter Party at issue, which mandates English law governs the arbitration.[5]

**Clause 83 – Arbitration/Litigation**

Any dispute arising under the Charter shall be referred to arbitration in London by a single arbitrator to be appointed by the parties hereto.  If the parties cannot agree upon the appointment of a single arbitrator, the dispute shall be settled by three arbitrators, each party appointing one arbitrator, the third being appointed by the two so chosen or by the London Maritime Arbitrators Association (LMAA) in London in the event of failing an agreement. Their decision or that of any two of them shall be final and binding upon both parties.

If either of the appointed arbitrators refuses to act or is incapable of acting. Or dies, the party who appointed him may appoint a new arbitrator in his place.

If one party fails to appoint an arbitrator, either originally, or by way of substitution as aforesaid, for seven clear days after the other party having appointed his arbitrator, has served the party making default with notice to make the appointment, the party who has appointed an arbitrator may appoint that arbitrator to act as a sole arbitrator in the reference and his award shall be binding on both parties and as if he had been appointed by consent. All arbitrators are to be conversant with shipping matters.

English law to apply.

---

[3] For Example, See Dkt. 1 (Transatlantica's Original Complaint, in passim) and Dkt. 56 (briefing by Hanwin) at p. 2.
[4] Exhibit A, Ming Declaration, at page 1.
[5] Exhibit B, Exhibit 1 to Ming Declaration, at page

**ENGLISH LAW DOES NOT ALLOW FOR MARITIME LIENS FOR BREACH OF A CHARTER PARTY**

4.      Transatlantica must show a valid basis for a Rule B complaint.  It claims such basis under Rule B, which requires, as one of its essential elements, a valid maritime claim.  Transatlantica's proposed Amended Complaint[6] states it seeks security for Hanwin's breach of the charter party.  Likewise, Transatlantica's post Rule E hearing briefing claims the Arbitration stems from the alleged breach of a charter party.[7]

5.      The choice by Hanwin and Transatlantica to opt for English law to govern their disputes under the Charter Party prohibits garnishment of ASCC's bank account in this case, because English law does not give rise to a maritime lien or maritime cause of action for breach of a charter party.  *See Carl Enterprises v. Barge Hudson Handler,* 475 F.Supp. 42, 44 (S.D. Ala. 1979).  *Rainbow Line, Inc. v. M/V Tequila*, 341 F. Supp. 459, 463 (S.D.N.Y. 1972).

6.      Less than a week after the deadline for the parties in this case to file Objections to the M&R, Magistrate Judge Andrew Edison issued his own Memorandum and Recommendation in the case of *Victory Shipping Pte Ltd.  v. 50,109 Metric Tons of Cement (In re M)*.  Civil Action No. 4:22-cv-036892, 2022 U.S. LEXIS 210261 at *2, *7 (S.D. Tex. Nov. 21, 2022).[8]  Therein, Judge Edison granted a motion for equitable vacatur of a maritime attachment under Rule B, finding the plaintiff failed to carry its burden that it had a valid maritime lien.  This was so for two reasons: (a) English law governed any disputes under the charter party between the plaintiff and the defendant and (b) "English law does not recognize a maritime lien arising from a breach of a charter party."  *Id.*   In that case, the charter party between the plaintiff and the defendant included a provision that any disputes were to be resolved amicably, or through arbitration in London, under

---

[6] Dkt. 29.
[7] Dkt. 46, p. 65
[8] Exhibit C is a copy of this decision.

English law, *Id.* at *2.

## SUBJECT MATTER JURISDICTION CANNOT BE WAIVED

7. At minimum, there is now evidence in the record where the Court, of its own volition, may either require additional briefing on this issue and/or *sua sponte* set aside the M&R and grant ASCC's Original Motion to Vacate. This is so because, as the Court is aware, the issue of subject matter jurisdiction cannot be waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

8. Alternatively, Judge Edison provides an excellent framework where Equitable Vacatur could be appropriate in this context.

## PRAYER & CONCLUSION

WHEREFORE, PREMISES CONSIDERED, ASCC respectfully requests this Honorable Court over-rule the Memorandum and Recommendations of Magistrate Judge Sam Sheldon (Doc. 59), release $362,781.99 of the garnished funds back to ASCC as ASCC's sole property, and either allow ASCC to transfer $617,111.64 of the garnished funds to Hanwin and/or the Court's Escrow Account.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ *F. Daniel Knight*
    F. Daniel Knight
    State Bar No. 24041265
    SDTX Bar No.: 37334
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    (713) 658-2571
    (713) 658-2553 (Fax)
    daniel.knight@chamberlainlaw.com

**ATTORNEY FOR ASCC**

## **CERTIFICATE OF SERVICE**

  The undersigned attorney verifies his Firm served a true and correct copy of this document via Efile Service and/or Email upon counsel of record for both Transatlantica and Hanwin under the Federal Rules of Civil Procedure on the 30th day of November, 2022.

                /s/ *F. Daniel Knight*
                F. DANIEL KNIGHT

30486536.v1