United States District Court
Southern District of Texas
**ENTERED**
October 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TRANSATLANTICA COMMODITIES PTE LTD.,** | § § § § § | |
| **Plaintiff,** | § § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-1983 |
| **HANWIN SHIPPING LIMITED,** *et al.*, | § § § § | |
| **Defendants.** | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Transatlantica Commodities Pte Ltd.'s ("Transatlantica") Motion to Dismiss Hanwin Shipping Limited's ("Hanwin") Counterclaim and for return of countersecurity. (Dkt. No. 80.) Garnishee American Shipping and Chartering Corp. ("ASCC") oppose this motion. (Dkt. No. 81.) Based on a review of the motions, arguments, record, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Dismiss (Dkt. No. 80) be **GRANTED** and countersecurity returned.

### I.   BACKGROUND

On March 22, 2023, the Court granted Defendant Hanwin's counsel's motion to withdraw in accordance with Local Rule 83.2, and Texas Disciplinary Rule of Professional Conduct 1.15(b). (Dkt. No. 75.) Plaintiff filed the instant motion to dismiss on April 27, 2023. (Dkt. No. 80.) Garnishee filed its opposition on May 17, 2023, to which Plaintiff replied on May 26, 2023. (Dkt. Nos. 81, 82.) The Court admonished Defendant to obtain new counsel in this matter on September 15, 2023. (Dkt. No. 85.)

## II.     LEGAL STANDARD

The Fifth Circuit has repeatedly held that "a corporation as a fictional legal person can only be represented by licensed counsel." *Murillo v. Coryell Cnty. Tradesmen, LLC*, No. CV 15-3641, 2016 WL 7441146, at *1 (E.D. La. Dec. 27, 2016). "In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004) (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir.1984) ("[T]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'")). A court may dismiss a case without prejudice and allow a corporation to refile after acquiring a lawyer. *Id.* (citing *Capital Group, Inc. v. Gaston & Snow*, 768 F.Supp. 264, 265–66 (E.D.Wis. 1991)).

"Under Rule 41(b), 'a [party] may move to dismiss the action or any claim against it [i]f the [party] fails to prosecute or to comply with these rules or a court order.'" *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citing Fed. R. Civ. P. 41(b)) (quotations omitted).

## III.    ANALYSIS

Plaintiff states that this Court granted Defendant's motion to withdraw counsel, leaving Hanwin unrepresented in this matter. (Dkt. No. 80.) Plaintiff argues that because fictional entities such as corporations cannot proceed *pro se*, the counterclaim should be dismissed, and counter security should be returned. (*Id.* at 3.) Plaintiff contends that other district courts in the Fifth Circuit have found that it is appropriate to dismiss unrepresented corporate defendants' claims for want of prosecution after the defendants fail to obtain new counsel. (*Id.*) Plaintiff asserts that Defendant remains unrepresented by counsel and has made no indication that they will seek any licensed

counsel to represent them in this matter. (*Id.*) Plaintiff explains that in other cases materially identical to the case before this Court where Hanwin claimed or counterclaimed against Transatlantica, sister courts have dismissed Hanwin's claims and ordered Transatlantica's countersecurity returned. (*Id.*)

It is well recognized that without legal counsel, Hanwin cannot further prosecute its counterclaim against Transatlantica. Hanwin has remained unrepresented for over 120 days with no indication to the Court that it intends to rectify the issue. The Garnishee ASCC takes a curious position by explaining to the Court that common sense instructs that the Court should not dismiss the counterclaim or release the countersecurity in contrast with its sister courts. (Dkt. No. 81 at 1–2.) ASCC and Hanwin do not share counsel. ASCC does not speak on behalf of Hanwin and does not have standing to assert Hanwin's rights. ASCC speaks as a slightly interested observer. (*Id.* at 2–3.) ASCC uses its opposition as an effort to convince the Court to revise the current garnishment order ASCC is subject to. This issue is not properly before the Court on Transatlantica's motion.

On September 15, 2023, the Court ordered Defendant to obtain new counsel in this matter within thirty days or face dismissal. (Dkt. No. 85.) As of the date of this Memorandum and Recommendation, Defendant has failed to comply with the Order or otherwise communicate with the Court.

### IV.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** releasing $979,893.63 in countersecurity that Transatlantica deposited with this Court March 31, 2023 with accrued interest, and **RECOMMENDS** granting Transatlantica's Motion to Dismiss for Hanwin's failure to prosecute or comply with this Court's order.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on October 24, 2023.

Sam S. Sheldon
United States Magistrate Judge