United States District Court
Southern District of Texas
**ENTERED**
September 16, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSATLANTICA COMMODITIES PTE LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-1983 |
| HANWIN SHIPPING LIMITED, | § § | |
| Defendant, and | § § | |
| AMERICAN SHIPPING & CHARTERING CORP., | § § § | |
| Garnishee. | § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Cooper/Ports America, LLC's ("Cooper") Motion to Reconsider.  (ECF No. 97).  Based on a review of the motion and relevant law, the Court **GRANTS** Cooper's Motion to Reconsider.  (*Id.*).

Cooper cites Federal Rule of Civil Procedure ("Rule") 54(b) as setting forth the applicable standard that it must satisfy in order to prevail on its motion for reconsideration.  (ECF No. 97-1 at 3).  The Court agrees that United States District Court Judge Andrew Hanen's Order denying Cooper's Motion to Intervene (ECF No. 89) as moot is an interlocutory order reviewable under

---

[1] On May 6, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 98).

Rule 54(b).  (*See* ECF No. 96); *Rosa v. Swift Transp. Co. of Ariz., LLC*, No. 7:19-cv-100, 2022 WL 1809322, at *2 (S.D. Tex. Feb. 25, 2022) ("Where, as here, a party moves to reconsider an order that disposes of less than all claims, the Court analyzes the motion under Federal Rule of Civil Procedure 54(b).").  Rule 54(b) provides, in pertinent part, that any interlocutory order that does not fully resolve all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *see Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) (holding an order granting partial summary judgment was interlocutory and the related motion for reconsideration should have been analyzed under Rule 54(b)).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the Court."  *Wilson v. Tessmer L. Firm, PLLC*, No. 5:18-cv-1056, 2021 WL 7448751, at *2 (W.D. Tex. Mar. 4, 2021) (internal quotations omitted). "Rule 54(b) is less stringent than Rule 59(e)," which governs motions to alter or amend a final judgment, "and does not 'demand more' than what [a party] did to warrant reconsideration."  *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).  As noted by the Fifth Circuit, "[u]nder Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems

2

sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal quotations omitted). "'[E]very order short of a final decree is subject to reopening at the discretion of the district judge.'" *Wilson*, 2021 WL 7448751, at *3 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)).

In Judge Hanen's Order denying Cooper's Motion to Intervene as moot, it stated Cooper could file a motion to set aside the order along with the reasons its motion is not moot.  (ECF No. 96).  The Order set a deadline for Cooper to file any such motions by April 1, 2024.  (*Id.*).

On April 1, 2024, Cooper filed the instant Motion to Reconsider, arguing its Motion to Intervene is not moot because the funds Cooper seeks to attach and garnish have not yet been adjudicated.  (ECF No. 97-1 at 4).  Cooper argues it has asserted a valid claim against Defendant Hanwin Shipping Limited ("Hanwin") for breach of a maritime contract for Hanwin's failure to pay for stevedoring and cargo services provided by Cooper.  (*Id.*).  Cooper further argues it is entitled to a claim *quasi in rem* against the funds held in the Court's registry and against any accounts or other property located in the district to satisfy Cooper's breach of contract claim in accordance with Rule B of the Supplemental Admiralty Rules.  (*Id.*).  Because Cooper moved to intervene to assert its claim against the funds, there has been no disposition

of the funds, and no party opposed Cooper's Motion to Intervene,[2] Cooper requests the Court set aside the previous Order denying its Motion to Intervene as moot. (*Id.*).

Having reviewed the motion and relevant law, the Court **GRANTS** Cooper's Motion to Reconsider. (ECF No. 97). The Court will issue a separate ruling as to Cooper's Motion to Intervene (ECF No. 89).

**SIGNED** in Houston, Texas on September 16, 2024.

_____
Richard W. Bennett
United States Magistrate Judge

---

[2] Because no party filed a response to Cooper's Motion to Intervene, the "motion will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4.