United States District Court
Southern District of Texas

**ENTERED**

September 24, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSATLANTICA COMMODITIES PTE LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-1983 |
| HANWIN SHIPPING LIMITED, | § § § | |
| Defendant, and | § § | |
| AMERICAN SHIPPING & CHARTERING CORP., | § § § | |
| Garnishee. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Cooper/Ports America, LLC's ("Cooper") Motion to Intervene. (4:22-cv-1983, ECF No. 89). Based on a review of the motion and relevant law, the Court **RECOMMENDS** Cooper's Motion to Intervene be **DENIED**. (*Id.*).

## I.    Background

This case arises out of various contracts surrounding a cargo delivery vessel. Specifically, Civil Action Number 4:22-cv-1983 stems from a fire that

---

[1] On May 6, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (4:22-cv-1983, ECF No. 98).

broke out in November of 2021 aboard the M/V/ TAC IMOLA, a ship chartered by Hanwin Shipping Limited ("Hanwin") from Transatlantica Commodities Pte Ltd. ("Transatlantica").  (4:22-cv-1983, ECF No. 1 at ¶¶ 7–10).  On June 17, 2022, Transatlantica brought a Maritime Attachment and Garnishment under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Hanwin *quasi in rem* and Garnishee American Shipping & Chartering Corp. ("ASCC").  (*Id.* at 1).  ASCC is the agent of Hanwin and held Hanwin's funds located in this District.  (*Id.* at ¶ 6).  Transatlantica asserted the fire on the vessel delayed the unloading of cargo, resulting in a breach of maritime contract under a London charter party between Transatlantica and Hanwin.  (*Id.* at ¶¶ 7–10).  On the same day, Transatlantica also moved to garnish and attach Hanwin's funds held by ASCC.  (4:22-cv-1983, ECF No. 4).

On June 24, 2022, the Court granted Transatlantica's request for a Rule B Order seeking attachment and garnishment of Hanwin's funds, including deposits paid by Hanwin held in ASCC's bank accounts in the amount of $979,893.63.  (4:22-cv-1983, ECF No. 13).  On March 17, 2023, the Court ordered ASCC deposit $617,111.64 of the $979,893.63 that it had under its control in the registry of the Court, with the remaining $362,781.99 in ASCC's

possession to remain subject to the garnishment order. (4:22-cv-1983, ECF No. 74). On March 31, 2023, ASCC provided Notice that it transferred $617,111.64 to the Court's registry and that it continues to retain the remaining garnished funds of $362,781.99 in a separate bank account. (4:22-cv-1983, ECF No. 77).

Meanwhile, in Civil Action Number 4:22-cv-3035, Hawthorne Industrial Products, Inc. ("Hawthorne") filed a concurrent action for Maritime Attachment and Garnishment under Rule B against Hanwin and ASCC in this District. (22-cv-3035, ECF No. 1). Hawthorne alleges it contracted with Hanwin to deliver its cargo from China to the United States using the M/V TAC IMOLA and M/V INDIGO SPICA. (*Id.*). As a result of the fire on the M/V TAC IMOLA, Hawthorne asserted maritime contract and tort claims against Hanwin, seeking attachment and garnishment of Hanwin's funds held by ASCC. (*Id.*). Hawthorne also asserted maritime contract and tort claims against Hanwin for another incident that occurred on the M/V INDIGO SPICA which also damaged Hawthorne's cargo, wherein Hawthorne sought garnishment and attachment against the same funds held by ASCC. (*Id.*).

On June 12, 2023, Hawthorne filed a Motion to Consolidate its action with Transatlantica's pending action. (4:22-cv-1983, ECF No. 83). On August 4, 2023, this Court found both actions involved common questions of law and

fact and ordered the two actions be consolidated.  (4:22-cv-1983, ECF No. 84).
In reaching this conclusion, the Court acknowledged the differences in the
cases, including that Hawthorne brought an action for maritime tort and
claims for an incident on a different vessel, the M/V INDIGO SPICA.  (*Id.* at
4).  Nevertheless, the Court found this difference did not overcome the common
issues underlying each case as the parties "were impacted by the same initial
incident and follow on effects of the incident," which was the fire upon the M/V
TAC IMOLA.  (*Id.*).

On November 1, 2023, Cooper filed the instant Motion to Intervene.
(4:22-cv-1983, ECF No. 89).  Cooper is a company registered in Houston, Texas,
that provides various marine services, including ship stevedoring, cargo, and
terminal services.  (4:22-cv-1983, ECF No. 89-2 at 3).  Cooper states that, "[a]t
the request of ASCC, as authorized agents of Hanwin, Cooper provided
stevedoring and cargo services to two vessels chartered by Hanwin, the M/V
SINGAPORE SPIRIT and the M/V YANGTZE SPIRIT" in March and April of
2022 respectively.  (*Id.*).  Cooper alleges the "total sum of the costs of services
rendered by Cooper for necessaires provided to Hanwin's chartered vessels is
$115,298.46 (exclusive of interests, costs, and attorney's fees)."  (*Id.*).  As of the

date of its Motion to Intervene, Cooper claims the invoiced sums are unpaid and outstanding. (*Id.*).

As a result, Cooper asserts it has "a claim for breach of a maritime contract against Hanwin arising out of Hanwin's failure to pay for the stevedoring and cargo services provided by Cooper." (*Id.* at 4). Cooper seeks to intervene in this suit because it "is entitled to a claim *quasi in rem* against the funds held in the Court's registry and against any Accounts or other property located in the District to satisfy Cooper's breach of contract claim in accordance with Rule B." (*Id.*). There is no evidence Cooper's claim is directly related to or involves common questions of law or fact to the fire aboard the TAC IMOLA in November of 2021.

No party filed a response to Cooper's Motion to Intervene. On March 11, 2024, United States District Court Judge Andrew Hanen denied Cooper's Motion to Intervene as moot and stated Cooper could file a motion to set aside the order along with the reasons its motion is not moot. (4:22-cv-1983, ECF No. 96). On April 1, 2024, Cooper filed a Motion to Reconsider, arguing its Motion to Intervene is not moot because the funds that Cooper seeks to attach and garnish have not yet been adjudicated. This Court issued a separate Memorandum Opinion, granting Cooper's Motion to Reconsider. (4:22-cv-

1983, ECF No. 99).  As such, this Court now turns to Cooper's Motion to Intervene.

## II.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 24(a) permits a party to seek intervention as of right, while Rule 24(b) allows a party to seek permissive intervention.  FED. R. CIV. P. 24.  "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed."  *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (citation omitted).  Generally, "[f]ederal courts should allow intervention when no one would be hurt and the greater justice could be attained."  *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)) (internal quotation marks omitted).  "The intervention rule is intended to prevent multiple lawsuits where common questions of law or fact are involved but is not intended to allow the creation of whole new lawsuits by the intervenors."  *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).  Intervention is not appropriate where the movant can protect its interests and/or recover on its claim by other means.  *Id.*

6

To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," FED. R. CIV. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Failure to satisfy one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007); *see also Espy*, 18 F.3d at 1205.

As for permissive intervention, Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is

7

a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).  Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier v. Wireline Sols., LLC*, No. 10-cv-003, 2010 WL 2352058, at \*4 (S.D. Tex. June 10, 2010) (citation omitted); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

## III.  Discussion

Cooper claims it is entitled to intervene because Cooper (1) is given the right to do so by federal statute and (2) has an interest relating to the funds in the registry of the Court and disposition of this action will impair or impede its ability to protect its interests.  (4:22-cv-1983, ECF No. 89-2 at 4).  Alternatively, Cooper claims it should be allowed to intervene under Rule 24(b) because its claims "share common questions of law and fact with the instant case."  (*Id.*).

A. <u>Intervention by Right under 24(a)(1)</u>

Cooper first argues it should be allowed to intervene in this action "by virtue of the unconditional right to intervene granted by former Admiralty

Rule 42, which is now contained in [Rule] 24(a)." (*Id.* at 6). "[F]ormer Admiralty Rule 42, *Claims against proceeds in registry*, . . . broadly [stated] that "[a]ny person having an interest in any proceeds in the registry of the court shall have a right, by petition and summary proceedings, to intervene . . . ." *DnB Holdings, Ltd. v. M/V HERMITAGE*, No. 94-cv-3434, 1995 WL 529853, at *1 n.1 (E.D. La. Sept. 7, 1995). "Former Admiralty Rule 42 was superseded by [] Rule 24(a) in 1966." *Id.* (citing *Liberty Mut. Ins. Co. v. United Towing Co., Barge 20*, 369 F.2d 382, 383 (9th Cir. 1966)). Rule 24(a) states,

> [o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Cooper's argument is devoid of any legal precedent to support its contention that "the underlying right for Cooper to intervene against funds held in this Court's registry has been preserved and unified with [Rule] 24(a)." (4:22-cv-1983, ECF No. 89-2 at 6). Likewise, the Court's own research on the matter did not locate any relevant case law to support Cooper's contention. As such, the Court finds Cooper fails to establish it qualifies for intervention as of right under Rule 24(a)(1).

9

B. Intervention by Right under Rule 24(a)(2)

Cooper also argues it may intervene in this action under Rule 24(a)(2) because it satisfies each of its four requirements. (4:22-cv-1983, ECF No. 89-2 at 6).

Rule 24(a)(2) requires Cooper to show (1) its application for intervention was timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest must be inadequately represented by the existing parties to the suit. *Texas*, 805 F.3d at 657.

The Court finds Cooper has not shown entitlement to intervene of right because it has not demonstrated an interest relating to the property or transaction which is the subject of the action. The second factor under Rule 24(a)(2) requires that the movant "claim an interest in the subject matter of the action." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002). Although "there is not any clear definition of the nature of the interest that is required for intervention of right," the key inquiry is whether the interest alleged is "legally protectable." *New Orleans Pub. Serv. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984). "[A]n interest is sufficient

if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Texas*, 805 F.3d at 659. However, "an economic interest alone is insufficient" to intervene. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2009) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI)*, 732 F.2d 452 (5th Cir. 1984)). Where the interest is merely economic and not directly related to the instant litigation, intervention is not warranted. *See DeOtte v. Azar*, 332. F.R.D. 173, 183 (N.D. Tex. 2019); *Wal-Mart Stores, Inc.* 834 F.3d at 568 ("[E]conomic interests can justify intervention when they are directly related to the litigation."). Further, "an economic interest is not sufficiently direct when the intervenor's interest will only be vindicated by a separate legal action or, as in *NOPSI*, when the intervenor's relationship is too removed from the dispute." *Wal-Mart Stores, Inc.*, 834 F.3d at 568; *see SEC v. Stanford Int'l Bank. Ltd.*, 429 Fed. App'x 379, 381–82 (5th Cir. 2011) (citing *NOPSI* to deny intervention to potential creditor because interest "relate solely to the [defendant's] ability to satisfy a judgment for claims that are not related to the case."); *see also Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (finding no right to intervene where interest was purely economic, not directly related to the

11

dispute, and was sought to ensure enough money to recover potential damages in other action); *Skinner Pile Driving, Inc. v. Atlantic Specialty Ins. Co.*, No. 14-cv-0329, 2015 WL 1469888, at *3 (S.D. Ala. Mar. 21, 2015) (denying intervention where the interest was speculative and contingent upon intervenor succeeding on its own breach of contract claim—separate, unrelated, and independent from the litigation at issue).

Cooper expresses it has an interest in the funds deposited in the Court's registry, which are Hanwin's property subject to attachment, because Hanwin has failed to pay Cooper the outstanding $115,298.46 (exclusive of interest, costs, and attorney's fees) for Cooper's stevedoring services.  (4:22-cv-1983, ECF No. 89-2 at 9).  Given that Cooper's only "interest" asserted as a basis for intervention is purely economic and not directly related to the instant litigation, the Court finds Cooper has "failed to demonstrate that it has an interest relating to the property or transaction which is the subject matter of the above captioned matter which would entitle it to intervention by right pursuant to Rule 24(a)(2)."[2]  *Marketfare (St. Claude), L.L.C. v. United Fire & Cas. Co.*, No. 06-cv-7232, 2011 WL 3349821, at *5 (E.D. La. Aug. 3, 2011)

---

[2] Because Cooper has not demonstrated it has an interest relating to the property or transaction which is the subject of this action, the Court need not decide whether the other factors for intervention of right are satisfied.

12

(finding a party failed to demonstrate an interest where an attorney attempted to intervene as of right in order to seek attorneys' fees for an unrelated case).

    C. <u>Permissive Intervention under Rule 24(b)</u>

Lastly, Cooper argues it may intervene in this action pursuant to Rule 24(b)(1)(B) because its claim involves common questions of law and fact. (ECF No. 89-2 at 10).

Rule 24(b)(1)(B) provides, in relevant part, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Whether to permit intervention pursuant to Rule 24(b) is "wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier v. Wireline Solutions, LLC*, No. 10-cv-003, 2010 WL 2352058, at *4 (S.D. Tex. June 10, 2010).

Here, Cooper reasons that its "claim is for a breach of maritime contract for unpaid stevedoring services provided to the M/V SINGAPORE SPIRIT and the M/V YANGTZE SPIRIT." (ECF No. 89-2 at 10). Cooper also adds that it provided stevedoring services for these vessels in March and April 2022, respectively. (*Id.*). Thus, Cooper argues its claim involves common questions of law and fact with the instant case because both cases involve (1) "damages owned by Hanwin related to its chartered vessels" and (2) "attachment of the same funds." (*Id.*).

The Court disagrees as Cooper is essentially only seeking to intervene to preserve a breach of contract claim. Cooper's claim is based on monies owed by Hanwin on a breach of contract allegation involving completely separate vessels, unrelated to the property or transactions involved in this litigation. *Cf. Louisiana Int'l Marine, L.L.C. v. Drilling Rig Atlas Century*, No. 11-cv-186, 2011 WL 13340708, at *5 (S.D. Tex. Dec. 21, 2011), *report and recommendation adopted*, No. 11-cv-186, 2012 WL 13157133 (S.D. Tex. Mar. 19, 2012) (granting intervention and finding intervenor properly asserted an interest related to the property or transaction at issue where intervenor was seeking payment for services and necessaries related to the vessel at issue in the main action). Cooper's claim has no question of law or fact in common with the main action.

14

As such, the Court finds Cooper has failed to demonstrate it is entitled to permissive intervention pursuant to Rule 24(b).

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Cooper's Motion to Intervene (4:22-cv-1983, ECF No. 89-2) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on September 24, 2024.

Richard W. Bennett
United States Magistrate Judge